UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID JOHNSON,

                          Petitioner,

                                              **Hon. Hugh B. Scott**

            v.

                                              10CV480A

                                              **REVISED**
                                              **Report**
MICHAEL T. PHILLIPS, et al.,                  **&**
                                              **Recommendation**

                        Respondents.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 9). The instant matter before the Court is the Petition for Habeas Corpus[1] (Docket No. 1). In addition to the normal habeas pleading and briefing schedule (see Docket No. 4), this Court requested supplemental briefing on the impact of 8 U.S.C. § 1226(e) on this case, with petitioner's response due September 30, 2010, and respondents' reply due by October 15, 2010 (Docket No. 11). The Petition then was deemed submitted, without oral argument, on October 15, 2010 (see Docket No. 11). Petitioner then moved to expedite consideration of his Petition (Docket No. 15); that motion is now **deemed moot**.

---

[1]This is an immigration habeas proceeding and, as such, there are common acronyms that are used by the parties and in the case law. As used in this Report, "INA" is the Immigration and Nationality Act; "BIA" is the Board of Immigration Appeals; "INS" is the former Immigration and Naturalization Service; "DHS" is the Department of Homeland Security; "ICE" is the Immigration and Customs Enforcement, successor to the INS.

After issuance of the Report & Recommendation (Docket No. 16) in this matter, respondents moved for correction of certain facts asserted in the Report (Docket No. 17) that are in dispute in the underlying immigration proceedings, while petitioner filed objections to the Report (Docket No. 20). Respondents also moved for an enlargement of time to file their objections (if necessary, depending upon the Court's determination of their motion to correct) (Docket No. 19). Petitioner has expressed no view as to respondents' correction motion (Docket No. 22).

The Court **grants** respondents' motion for correction (Docket No. 17) and revises the Report & Recommendation below (with notation of the change from the initial Report). Respondents' motion for enlargement of time for objections (Docket No. 19) is **deemed moot** because of this revised Report and its new schedule for objections (set forth below).

## BACKGROUND

This is a habeas corpus proceeding commenced by a lawful permanent resident in immigration detention pending his removal. Petitioner, a native of Jamaica, entered the United States as a lawful permanent resident in October 1972, at the age of 7 (Docket No. 1, Pet. ¶¶ 9, 14). Petitioner claims that his father was naturalized in 1973 and petitioner became a United States citizen (id. ¶ 14)[2] but respondents contend that no Immigration Judge has so found (see Docket No. 17, Resp'ts. Atty. Aff. ¶ 5). In January 1989, the United States District Court for the Northern District of Texas sentenced petitioner to five years imprisonment for a conviction of carrying a firearm during and in relation to a drug trafficking crime, pursuant to 18 U.S.C.

---

[2]This fact was changed in response to respondents' motion for correction, see Docket No. 17, Respts. Atty. Aff. ¶ 3.

§ 924(c)(l) (Docket No. 1, Pet. ¶ 15). On May 1, 1989, the 282nd Judicial District Court for the Northern District of Texas sentenced petitioner to ten years imprisonment for a conviction of aggravated assault and unlawful possession of a controlled substance (id. ¶ 16). On January 24, 2002, the United States District Court for the Southern District of New York sentenced petitioner to nine years imprisonment for a conviction as a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1) (id. ¶ 19). He completed his sentence and was to be released via Good Conduct Time Release on January 8, 2009, but instead petitioner was taken into immigration custody (id. ¶ 21).

*Removal Proceedings and Detention*

In 1992, INS initiated removal proceedings against Mr. Johnson. The Immigration Judge terminated the proceedings. (Id. ¶ 17.) Petitioner contends that, in 1998, the Government reinitiated removal proceedings, but the Immigration Judge determined that petitioner was a derivative United States citizen and the proceeding was terminated (id. ¶ 18[3]; see Docket No. 7, Ans. ¶ 7). Respondents contend that the Immigration Judge terminated petitioner's deportation proceeding without prejudice indicating that petitioner "appears to be a United States citizen by father's" naturalization (Docket No. 17, Respts. Atty. Aff. ¶ 5). On April 5, 2000, the INS denied petitioner's Application for a Certificate of Citizenship upon the grounds that he had not established derivative citizenship through his father because Johnson had failed to demonstrate "a legal separation" of his parents as required under Immigration and Nationality Act ("INA") § 321(a)(3), 8 U.S.C. § 1432(a)(3) (repealed by Child Citizenship Act of 2000, Title I, § 103(a))

---

[3]This fact also was changed in response to respondents' motion for correction, see Docket No. 17, Resp'ts. Atty. Aff. ¶ 4

(Docket No. 7, Ans. ¶ 8; Docket No. 16, Respts. Atty. Aff. ¶ 6). Petitioner did not appeal the INS decision that denied his Application for Certificate of Citizenship (id.).

Following petitioner's last federal conviction, ICE lodged an immigration detainer on petitioner on December 16, 2004, alleging that he is a removable alien (Docket No. 1, Pet. ¶ 20). On June 18, 2008, petitioner was placed in removal proceedings by a Notice to Appear, which charged him, pursuant to INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C), with being subject to removal from the United States as an alien who has been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in 18 U.S.C. § 921(a); pursuant to INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien who has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct; pursuant to INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(B)(i), as an alien who has been convicted of a controlled substance offense; and pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). (Docket No. 7, Ans. ¶ 11.)

On July 18, 2008, petitioner filed a Petition for a Writ of Habeas Corpus in the United States District Court for the District of Maryland (id. ¶ 12), where he was detained (Docket No. 1, Pet. ¶ 21) and where he commenced administrative proceedings to terminate removal proceedings (id. ¶ 22). His proceeding to terminate removal was denied by the Immigration Judge and his appeal to the Board of Immigration Appeals was dismissed (id. ¶¶ 23-24). On April 29, 2010, petitioner then filed a petition for review and a motion for stay of removal with

4

the United States Court of Appeals for the Fourth Circuit (id. ¶ 24), and on May 24, 2010, a panel of that court granted petitioner a stay (id. ¶ 25, Attach. C). That review remains pending before the Fourth Circuit (Docket No. 7, Ans. ¶ 21) and the appeal has been briefed (Docket No. 13, Respts' Supp'al Memo. at 2, Addendum). Petitioner was then transferred to the Batavia, New York, facility on March 7, 2010 (Docket No. 1, Pet. ¶ 5, Attach. A). He filed his present Petition with this Court on June 10, 2010 (id.).

*Western District of New York Habeas Petition*

In the present Petition, petitioner contends that he has been detained for sixteen months in immigration detention up to the date of the Petition (since January 2009); fifteen of those months under 8 U.S.C. § 1226(c), and one month pursuant to 8 U.S.C. § 1231 between the dismissal of his Board of Immigration Appeals appeal and the grant of his motion for stay of removal by the Fourth Circuit (Docket No. 1, Pet. ¶ 27). He argues that § 1231 and the cases construing it, mainly Zadvydas v. Davis, 533 U.S. 678 (2001), do not apply to his continued detention, that it should have been concluded sooner because detention under § 1226(c) is to be brief, see Demore v. Hyung Joon Kim, 538 U.S. 510 (2003) (id. ¶¶ 28-29). Petitioner concludes that his continued detention violated his substantive due process rights because the length of the detention is unconstitutionally prolonged (id. ¶¶ 28-33). He also claims that he was never afforded a detention hearing, in violation of his procedural due process rights (id. ¶¶ 34-40). He argues that he is not a flight risk and would have completed his sentence (including good time release) but for his immigration detention (id. ¶¶ 41-44).

Respondents answered (Docket No. 7), arguing that there are no "institutional barriers" to petitioner's removal to Jamaica, save his pending Fourth Circuit appeal (id. ¶¶ 22-23). They

5

argue that petitioner's continued detention is consistent with Zadvydas, Demore, and the INA (id. ¶ 25; Docket No. 8, Respts' Memo.). They conclude that "because the court-ordered stay of his removal will end upon the Fourth Circuit Court's resolution of his pending petition for review, [petitioner's] detention in DHS custody is not indefinite" (Docket No. 7, Ans. ¶ 26).

## DISCUSSION

I.   Zadvydas and Period for Removal

The Immigration and Nationality Act gives the Attorney General initially ninety days to remove an alien, 8 U.S.C. § 1231(a)(1)(A), and allows for detention of the alien during that ninety day period, id. § 1231(a)(2), and further detention beyond the ninety-day removal period if an alien is ordered removed as a result of (among other causes) his violations of criminal law, id. § 1231(a)(6); see Zadvydas v. Davis, 533 U.S. 678, 682 (2001). The Supreme Court defined what constituted "reasonable time" for detention under 8 U.S.C. § 1231 beyond that initial ninety-day removal period in Zadvydas, 533 U.S. 678. Under Zadvydas, the Government can hold him only for up to six months as a presumptively reasonable period of detention following the initial ninety-day removal period. 533 U.S. at 701. The longer an alien like petitioner subsequently is detained, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

This ninety-day period may be stayed. Under 8 U.S.C. § 1231(a)(1)(B)(ii), this ninety-day removal period would resume "if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [on] the date of the court's final order." Section 1231 expressly provides that the period resumes upon the lifting of the judicial stay.

6

II.     Detention Under § 1226(c)

Where a detained alien has a removal order under judicial review, that detention is pursuant to § 1226(c) until the court renders a decision, see Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003). In particular, § 1226(c) requires the Attorney General to detain certain aliens who are either inadmissible or deportable because they committed certain offenses, including those sentenced to a term of imprisonment of one year or more, 8 U.S.C. § 1226(c)(1) and the Attorney General may release the alien only if "necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation," and the alien does not pose any danger and is likely to appear at subsequent proceedings, id. § 1226(c)(2).

That act also has a provision that bars judicial review of the discretionary decision of the Attorney General to detain (or release) an alien, id. § 1226(e).

The Demore Court reaffirmed that detention "during removal proceedings is a constitutionally permissible part of that process," supra, 538 U.S. at 531; see Carlson v. Landon, 342 U.S. 524, 538 (1952); Wong Wing v. United States, 163 US. 228, 235 (1896); Reno v. Flores, 507 U.S. 292 (1993), with detention "for the limited period of his removal proceedings" being upheld, Demore, supra, 538 U.S. at 531.

III.    Basis for Detention, 8 U.S.C. § 1231 or 1226?

Petitioner contends that his detention is pursuant to 8 U.S.C. § 1226 and such has to be "brief" under the case law construing that provision, see Demore, supra, 538 U.S. at 523, rather than pursuant to § 1236(c) and the 90-day detention regime as construed by the Court in

7

Zadvydas, supra, 533 U.S. 678 (Docket No. 10, Pet'r Memo. at 2), where that 90-day period can be stopped (or not start) due to judicial stays issued on the alien's behalf. Respondents argue that his detention is under either sections (Docket No. 8, Respts' Memo. at 2-3, 4) and that his continued detention is lawful under Zadvydas and Demore (Docket No. 7, Ans. ¶ 25: Docket No. 8, Respts' Memo. at 18-21).

Petitioner replies that the statutory basis for his detention has changed from § 1226(c) to § 1231 (when the final order of removal was issued) and back to § 1226(c) (after obtaining an appellate stay of that order of removal) (Docket No. 10, Pet'r Reply Memo. at 2-3).

Now all parties concede that petitioner's detention was under § 1226(c) (Docket No. 12, Pet'r Supp'al Memo. at 1; Docket No. 13, Respts' Supp'al Memo. at 3-4).

IV.   Effect of Lack of Judicial Review under 8 U.S.C. § 1226(e)

Section 1226 has a further provision that makes the discretionary detention decisions of the Attorney General not subject to judicial review, 8 U.S.C. § 1226(e). That provision states that "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole," id. The Court requested additional briefing on the impact of § 1226(e) on this case, with petitioner's response due by September 30, 2010, and respondents' reply by October 15, 2010 (Docket No. 11). Petitioner (Docket No. 12) and respondents (Docket No. 13) each submitted their supplemental memoranda.

In Demore, amicus Washington Legal Foundation argued that judicial review of the habeas petition was precluded by § 1226(e), 538 U.S. at 516, see also id. at 533 (O'Connor, J.,

concurring). The Court disagreed, holding that the habeas petitioner was challenging the constitutionality of the statutory scheme that authorized his detention without bail, not the Attorney General's decision to detain him. The Court further held that Congress had not explicitly removed habeas jurisdiction for such challenges. Id. at 516–17.

Demore considered generally the constitutionality of § 1226(c) and its requirement that convicted, deportable aliens be detained while their removal proceedings were underway without a separate determination of either their flight risk or danger to society, see id. at 514, holding that mandatory "detention during removal proceedings is a constitutionally permissible part of that process," id. at 531, see Luna-Aponte v. Holder, No. 10CV6024, 2010 WL 3547707, at *5 (W.D.N.Y. Sept. 10, 2010) (Siragusa, J.). The Demore Court first recognized its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," 538 U.S. at 526. The Court, while stating that such detention would be unconstitutional if it was for an "'indefinite' and 'potentially permanent'" basis and noting that usual detention under this section were of short duration, Demore, supra, 538 U.S. at 528 (quoting Zadvydas, supra, 533 U.S. at 690-91), 529-31, did not set any time limits for such detentions, see Luna-Aponte, supra, 2010 WL 3547707, at *5. The Court noted that the average proceeding took a month and a half with an appeal taking about five months, Demore, supra, 538 U.S. at 530, the alien in that case had been detained for six months where the alien himself had sought a continuance of his removal hearing, id. & n. 15, further extending his time detained. That case did not involve any subsequent judicial review of the removal determination and the time for such appeals.

9

Zadvydas distinguished the post-removal detention (after the final order of removal has been entered) from detention pending a determination of removability, with the former having "no obvious termination point," 533 U.S. at 697; Demore, supra, 538 U.S. at 529; see Luna-Aponte, supra 2010 WL 3547707, at *6. The latter, pending determination of removability, the Demore Court later considered the period for the administrative determination of removal by the BIA, see Demore, supra, 538 U.S. at 529, and not any subsequent judicial review of that administrative finding. As noted by the dissent in Demore, the issue in that case was not the timing of judicial review but the right to individualized review, 538 U.S. at 555 n.11 (Souter, J., dissenting); see also id. at 523 (majority decision); id. at 532 (Kennedy, J., concurring) (lawful permanent resident aliens ought to be entitled to individualized determination of flight risk or danger to society if continued detention becomes unreasonable or unjustified).

Here, petitioner challenges the duration of his detention. He argues that § 1226(e) applies only to the discretionary actions of the Attorney General while § 1226(c) does not give the Attorney General discretion to release petitioner (Docket No. 12, Pet'r Supp'al Memo. at 1-2). He concludes that express congressional intent to strip the Court of habeas jurisdiction in this instance is not present in § 1226 (id. at 4-6). All parties here agree that petitioner was detained under § 1226(c) as a mandatory detention of an alien convicted of at least one of the listed offenses, and, as such was not a discretionary decision of the Attorney General that would be outside of judicial review under § 1226(e) (id. at 1-2; Docket No. 13, Respts' Supp'al Memo. at 3-4). Section 1226(e) **does not deprive this Court of habeas corpus jurisdiction**, Demore, supra, 538 U.S. at 516-17; see Scarlett v. United States Dep't of Homeland Sec., 632 F. Supp. 2d

214, 218 (W.D.N.Y. 2009) (Schroeder, Mag. J.), adopted, 632 F. Supp. 214, 215 (W.D.N.Y. 2009) (Arcara, J.); see also Luna-Aponte, supra, 2010 WL 3547707, at *5.

V.   Application

Given that this Court retains jurisdiction over this matter, the Court next considers the merits of petitioner's contentions. The issue here is whether his seventeen-month detention pending determination of his immigration proceeding is unconstitutionally beyond the "brief" detention period contemplated in Demore for detention pending removal proceedings. From January 8, 2009, when he was released from state custody and placed in ICE detention, to June 10, 2010, when he filed this habeas corpus Petition, petitioner was in ICE custody under § 1226(c) (save for one month, from April 20, 2010, when he was in that custody pursuant to § 1231).

In Luna-Aponte, Judge Siragusa found that the alien's thirty-nine month detention was constitutional, although far longer than the five months noted in Demore for the typical immigration proceeding and appeal because that alien had "not shown that his continued detention [was] unreasonable or unjustified," and there was no impediment to his eventual deportation, 2010 WL 3547707, at *1, 7; see also Adler v. U.S. Dep't of Homeland Sec., No. 09 Civ. 4093, 2009 WL 3029328 at *2 (S.D.N.Y. Sept. 22, 2009) (15-month detention of alien upheld where there was no evidence of the Government dragging its feet in prosecuting the removal and every adjournment was on the alien's motion and the continued detention was justified). The justification for the continued detention in Adler, as recognized by the Demore Court, is the risk of flight of a deportable alien prior to or during their removal proceedings, Adler, supra, 2009 WL 3029328, at *2; Demore, supra, 538 U.S. at 528; see Luna-Aponte, supra,

11

2010 WL 3547707, at *8. In Scarlett supra, 632 F. Supp. 2d at 220, 223, Magistrate Judge Schroeder considered a detention that totaled over five years while that alien's immigration proceedings and appeals were pending, finding that this period exceeded the parameters of limited detention recognized in Demore. As later noted by Judge Siragusa in Luna-Aponte, 2010 WL 3547707, at *7 n.8, the criminal alien in Scarlett was detained pursuant to INA § 236(a), 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1226(c), and was entitled to a bond hearing not available to detainees under the latter provision.

Here, petitioner was detained under § 1226(c) for seventeen months, akin to Adler and shorter than the constitutional detention upheld in Luna-Aponte and the period rejected by this Court in Scarlett. The Supreme Court in Demore noted the average time for conducting a removal proceeding (including appeal), Demore, supra, 538 U.S. at 529 (cf. Docket No. 10, Pet'r Memo. at 4), but it did not set the outer limit for how long an alien may be detained while awaiting determination of his or her removal proceeding. Furthermore, Demore did not consider the impact of detention during judicial review of the removal order. Here, petitioner was placed in removal proceedings while he was in state custody and had commenced a habeas corpus proceeding in Maryland federal court before he was placed in immigration detention, in January 2009. Petitioner had parallel immigration and judicial proceedings while being detained. The record from both the immigration and judicial proceedings do not indicate any delay or foot dragging by the Government. The only significant delay was from July 1, 2009, when he appealed the IJ decision to the BIA, to April 20, 2010, when the BIA dismissed that appeal (Docket No. 1, Pet. ¶¶ 23-24), without attribution to the Government that it prolonged the delay. Even if this delay exceeds the Demore "brief" period for the immigration review, this does not

12

factor in petitioner's parallel judicial review before the Fourth Circuit. His detention is not indefinite, since the Fourth Circuit stayed his removal and, once that appeal is decided (or the stay lifted), petitioner's detention will come to a conclusion. The only obstacle to his removal to Jamaica now is that stay. (See Docket No. 7, Return, Decl. of Donald Vacarro ¶¶ 24-25.) Petitioner does not face indefinite detention like the alien in Zadvydas and, like the alien in Luna-Aponte, supra, 2010 WL 3547707, at *9, petitioner can return to his native country. Petitioner's detention is not unreasonable. Furthermore, this detention, as was the detention in Luna-Aponte, supra, 2010 WL 3547707, at *8, is justified; the primary justification for detention under § 1226(c) of preventing flight of deportable aliens while awaiting the determination of his removal proceeding remains valid.

## CONCLUSION

Based upon the above, it is recommended that the Petition for Habeas Corpus (Docket No. 1) be **denied**. In particular, this Court retains habeas corpus jurisdiction over this Petition but the period of petitioner's pre-removal detention is constitutional. Petitioner's motion to expedite consideration of his Petition (Docket No. 15) is **deemed moot**. Given the grant of respondents' motion to correct (Docket No. 17), their motion for enlargement of time to object to the original Report & Recommendation (Docket No. 19) is also **deemed moot** as the revised Report sets forth a new schedule for any objections thereto. Petitioner may rest upon his already filed objections (Docket No. 20), supplement them, or file new objections within the time specified below, as respondents are free to file objections to this revised Report.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 20, 2010